UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JANE DOE,<br><br>                         Plaintiff,<br><br>         -against-<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>                        Defendants. | 26-CV-3031 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action, which she styles as a *qui tam* action, asserting claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729.[1] She seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees to bring this action. (ECF 2.) Plaintiff has also filed a motion to proceed under a pseudonym. (ECF 3.) As set forth in this order, the Court grants Plaintiff 60 days' leave to retain counsel.

## DISCUSSION

The FCA imposes civil liability on anyone who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a

---

[1] Plaintiff's complaint and accompanying documents have been filed under seal, as required by the FCA. 31 U.S.C § 3730(b)(2) (stating that a complaint brought under the FCA is filed with the court under seal, and that the complaint and all supporting evidence is to be served on the federal government). The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

private person (known as a "relator"), may bring suit for the United States of America in a *qui tam* action asserting claims arising from instances in which there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1)*; see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

This purported *qui tam* action cannot proceed unless Plaintiff obtains representation by an attorney.[2] Accordingly, because Plaintiff cannot proceed *pro se* in this purported *qui tam* action, the Court grants her 60 days to retain an attorney, who must file a notice of appearance within 60 days of this order. If Plaintiff does not retain an attorney within 60 days of the date of this order, the Court will dismiss this action without prejudice.

The Court advises Plaintiff that 31 U.S.C § 3730(b)(2) authorizes the court to keep this action open and under seal for the limited purpose of providing the federal government the opportunity to investigate the claims raised in her complaint. Accordingly, Plaintiff also must serve the federal government. She can do this by registered or certified mail and include a copy of the complaint and all supporting papers to the office of the Attorney General of the United States and to the office of the United States Attorney for the Southern District of New York. *See* Fed. R. Civ. P. 4(i).

---

[2] Relators, such as Plaintiff, act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008); the federal government, however, "remains the real party in interest in any such action," *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, "[a] person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not the relator's 'own' case . . . , nor one in which [s]he has 'an interest personal to [her],'" an individual cannot pursue such an action *pro se*. *Flaherty*, 540 F.3d at 93; *see id.* ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)).

**CONCLUSION**

The Court grants Plaintiff 60 days' leave to retain an attorney for this action. Counsel for Plaintiff must file a notice of appearance in this action within 60 days of this order. If Plaintiff does not retain an attorney within the time allowed, the Court will dismiss this action without prejudice.

Under the FCA statute, 31 U.S.C § 3730(b)(2), Plaintiff must serve a copy of the complaint and any supporting documentation on the United States Attorney General and the United States Attorney for the Southern District of New York.

The Court reserves judgment on Plaintiff's IFP application (ECF 2) and will rule on it if Plaintiff retains an attorney for this action.

The Court also reserves judgment on Plaintiff's motion to proceed under a pseudonym (ECF 3) until a later date.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff at her address of record; the docket event of the mailing of this order should not, however, include that address.

SO ORDERED.

Dated:    May 28, 2026
         New York, New York

                    /s/ Laura Taylor Swain
                       LAURA TAYLOR SWAIN
                  Chief United States District Judge