UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ex rel. JANE DOE,

Plaintiff,

-against-

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

Defendant.

26-CV-3031 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jane Doe brings this action proceeding *pro se*. She seeks to assert claims under the False Claims Act ("FCA") on behalf of the United States. The action was filed under seal as required by the FCA. *See* 31 U.S.C. § 3730(b)

By order dated May 28, 2026, the Court granted Plaintiff 60 days' leave to retain an attorney because she cannot proceed *pro se* on behalf of the United States in this FCA matter. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se."). The Court also notified Plaintiff that she was required to serve a copy of the complaint and any supporting documentation on the United States Attorney General and the United States Attorney for the Southern District of New York. Plaintiff filed a certificate of service on June 1, 2026, indicating that on April 10, 2026, she served copies of the complaint and disclosure statement on both the Attorney General and the United States Attorney. By letter dated June 15, 2026, Plaintiff requested the appointment of *pro bono* counsel.

As set forth below, the Court denies Plaintiff's request for the appointment of *pro bono* counsel and dismisses the action without prejudice.

## DISCUSSION

### A. *Pro bono* counsel

The Court denies Plaintiff's request for the appointment of *pro bono* counsel. The factors to be considered in ruling on an application seeking the appointment of counsel include the merits of the case, a plaintiff's efforts to obtain a lawyer, and a plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. At this stage, the Court is unable to assess the merits of the action and declines to request the appointment of *pro bono* counsel to pursue this action on behalf of the United States.

### B. Dismissal of action for failure to obtain counsel

The Court also dismisses this action because Plaintiff cannot proceed *pro se* on behalf of the Government, which has not moved to intervene.[1] *See Flaherty*, 540 F.3d 89, 93. Under the FCA, "[t]he Government may elect to intervene and proceed with [an] action within 60 days after it receives both the complaint and the material evidence and information." 31 U.S.C. § 3730(b)(2). Because the Government did not intervene in this action within 60 days of service, or otherwise communicate with the Court by seeking an extension of time to intervene, *see* 31 U.S.C.A. § 3730 ("The Government may, for good cause shown, move the court for extensions

---

[1] The Court is not required to obtain the Government's consent prior to dismissal. Under the FCA, an FCA action brought by a private person may be dismissed "only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting," 31 U.S.C. § 3730(b)(1). This section of the FCA, however, only applies when the private person seeks a voluntary dismissal. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("[W]e find that it applies only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal."); *see Flaherty*, 540 F.3d at 91(reaffirming *Minotti*).

of the time during which the complaint remains under seal[.]"), the Court dismisses the action without prejudice.

The Court directs the Clerk of Court to unseal the complaint and all other submissions in this matter, all of which were placed under seal during the 60-day period made available to the Government to determine whether to intervene, because there is no statutory basis for the continued sealing of this action. *See e.g.*, *United States ex rel. Bennett v. Yellen*, No. 23-CV-0156, 2023 WL 2975207, at *4 (N.D.N.Y. Mar. 30, 2023) ("[B]ecause the Court recommends dismissal of the complaint, there is no longer a statutory basis to shield this action from public view."), *report and recommendation adopted sub nom. Bennett v. Yellen*, 2023 WL 2968238 (N.D.N.Y. Apr. 17, 2023).

**CONCLUSION**

The Court denies Plaintiff's letter-motion requesting the appointment of *pro bono* counsel (ECF 8) and directs the Clerk of Court to terminate this motion.

The Court dismisses this action without prejudice to any new civil action filed by counsel on behalf of Plaintiff and the Government. The Court directs the Clerk of Court to unseal all filings in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge